Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUIS SEVILLA,** | Case No.: **'20 CV2090 MMA WVG** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** |
| **v.** | |
| **CAPITAL ONE, NATIONAL ASSOCIATION,** | 1. **Rosenthal Fair Debt Collection Practice Act; and** |
| **Defendant(s).** | 2. **California Civil Code. §§ 1798.92, et seq.;** |
| | **JURY TRIAL DEMANDED** |

1
**COMPLAINT FOR DAMAGES**

## **INTRODUCTION**

**1.** The California State Legislature enacted the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") with the intention prohibiting debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts. *Cal. Civ. Code* §1788.1(2)

**2.** In enacting the California's Identity Fraud Statute, *Cal. Civ. Code* §§1798.92 et seq., the legislature found that the right to privacy is being threatened by the indiscriminate collection, maintenance, and dissemination of personal information and the lack of effective laws and legal remedies, and that in order to protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. *Cal. Civ. Code* §1798.1(a),(c).

**3.** Luis Sevilla ("Plaintiff") bring this action against Capital One, National Association ("Defendant"), due to Defendant's willful efforts to attempt to collect monies from Plaintiff on a debt that they did not incur and do not owe, despite Plaintiff numerously advising Defendant that the debt Defendant sought was a result of fraud on Plaintiff's identity. Defendant ignored a police report and other verifiable information provided to Defendant, attesting to the fact that the debt sought be Defendant is not by owed by Plaintiff. As a result of Defendant's conduct, Plaintiff has been harmed, and their rights as consumers have been violated, as further

detailed below.

4.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.  While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6.  Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7.  Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8.  Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9.  Venue is proper in the Southern District of California because Plaintiff resides in San Diego County, which is within the Southern District of California and because Defendant does business in the Southern District of California.

10. The Court has subject matter jurisdiction over Plaintiff's supplemental jurisdiction over Plaintiff's claims under the RFDCPA, and

3

**COMPLAINT FOR DAMAGES**

California's Identity Fraud Statute under 28 U.S.C. §1367(a), because they form part of the same case and controversy as Plaintiff's cause of action under the FDCPA.

## PARTIES

**11.** Plaintiff is a "Victim of Identity Theft" as that term is defined by *Cal. Civ. Code* § 1798.93(d), as he is a person who had his personal identifying information used without authorization by another, to obtain credit, goods, services, money, or property, and did not use or possess the credit, goods, services, money, or property obtained by the identity theft, and filed a police report regarding the use of his personal identify information.

**12.** Plaintiff is a "consumer(s)" as defined by 15 U.S.C. § 1692a(3), and "debtor(s)" as defined by *Cal. Civ. Code* §1788.2(h). After all, Plaintiff is natural persons that were allegedly obligated to pay any debt, as evidenced by Defendant's efforts to seek payment of a debt from them. They are also natural persons from whom Defendant, a debt collector, sought to collect a consumer debt was alleged to be due and owing from Plaintiff.

**13.** Plaintiff is a natural person residing in Chula Vista, California.

**14.** Defendant is a company that at all times relevant herein, did business in the State of California, County of San Diego, and at the time Defendant first engaged in the conduct that resulted in the harm to Plaintiff who resides in San Diego County, California.

**15.** At all relevant times herein, Defendant was a company engaged, by use of

4

**COMPLAINT FOR DAMAGES**

the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by *Cal Civ. Code* §1788.2(f).  The debt Defendant attempted to collect from Plaintiffs comes in the form of money that Defendant alleged as being owed by Plaintiff, resulting from fraudulent charges that were posted to Plaintiff's account in which he did not authorize..  Because this unknown individual was given time to make a payment to cure the alleged infraction, he or she was extended credit. After all, pursuant to Black's Law Dictionary, a "debt" is defined as "a specific sum of money due by agreement or otherwise," and "credit"[1] is defined, as "[t]he time that a seller gives the buyer to make the payment that is due." Black's Law Dictionary, 9th Edition (2009). While there is no seller or buy here, the concept is the same: the individual who defrauded Plaintiff's identity was given time to make a payment towards the infraction.

16. Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, *Cal Civ. Code* §1788.2(c). Defendant is also "claimant" as that term is defined by *Cal Civ. Code* § 1798.92(a); after all, by engaging in the conduct described below, Defendant purported to have a claim for money based on transaction procured through identity theft; the transcript at issue is described herein.

///

---

[1] It is worth noting that the RFDCPA does not define the term "credit."

**COMPLAINT FOR DAMAGES**

## FACTUAL ALLEGATIONS

**17.** In or around April of 2020, Plaintiff's identify was defrauded.  Plaintiff received a text from Defendant advising him of several transactions that posted to his credit card account.

**18.** After careful review of these transactions, Plaintiff immediately contacted Defendant to advise them that he did not recognize these transactions and requested to dispute them.

**19.** Plaintiff was advised by Defendant that his account would be credited for the fraudulent charges. Defendant also stated that their fraud department would investigate the incident.

**20.** Less than a month later, in May of 2020, Plaintiff noticed the fraudulent charges were posted back to his account. Plaintiff contacted Defendant immediately to find out what happened.

**21.** Defendant stated to Plaintiff that their fraud department investigated the incident and or transactions and determined that Plaintiff allegedly made in person transactions with the credit card chip. This was in fact a false accusation. Plaintiff stated to Defendant that he did not authorize the transactions.

**22.** Defendant informed Plaintiff to file a police report. Plaintiff proceeded to file a police report.

///

///

**COMPLAINT FOR DAMAGES**

### FIRST CAUSE OF ACTION
### VIOLATION OF CONSUMER ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (*Cal. Civ.* Code §§1785.25(a))

**23.** Plaintiff reincorporates by reference all of the preceding paragraphs.

**24.** Under Section 1788.17 of the RFDCPA, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." *Cal. Civ. Code* §1788.17. Thus, at all times relevant herein, by engaging in conduct that violated Sections d, e, e(2)(a), f, f(1) and g(a) of the FDCPA, Defendant violated Section 1788.17 of the RFDCPA, thereby entitling Plaintiff to statutory damages under the same.

**25.** Defendant's violations of the RFDCPA were willful and knowing.

**26.** Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

7

**COMPLAINT FOR DAMAGES**

**a)** Actual damages;

**b)** Statutory damages;

**c)** Costs and reasonable attorney's fees; and,

**d)** For such other and further relief as may be just and proper

<u>**SECOND CAUSE OF ACTION**</u>
<u>**VIOLATIONS OF CALIFORNIA'S IDENTITY FRAUD STATUTE**</u>
**(Cal. Civ. Code § 1798.92-1798.97)**

**27.** Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**28.** The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

**29.** As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

<u>**Prayer For Relief**</u>

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

**a)** Actual damages

8
**COMPLAINT FOR DAMAGES**

**b)** Statutory damages pursuant to *Cal. Civ. Code* §1798.93(c)(6).;

**c)** Attorney's fees and cost

**d)** Any other equitable or injunctive relief the Court deems appropriate

## **TRIAL BY JURY**

**30.** Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 23, 2020


By: /s/ Todd M. Friedman
Todd M. Friedman
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorney for Plaintiff

**COMPLAINT FOR DAMAGES**